JOHN FITZGERALD, PLAINTIFF IN ERROR, V. JOHN F. FITZGERALD, DEFENDANT IN ERROR.

1. **Trial:** VERDICT. Where the testimony is conflicting and contradictory in a cause tried to a jury, the verdict will not be disturbed for the reason that it is contrary to the evidence unless it is clearly wrong. The jury is the judge of the weight of the testimony of the witnesses.

2. **Instructions may be Oral.** The law requires the instructions given to a jury to be in writing, but if oral instructions are given by the court by consent of the parties and upon a waiver of their rights to have the instructions written, and such consent and waiver are entered upon the records of the trial court, a judgment will not for that reason be reversed.

3. **Trial:** ARGUMENT OF ATTORNEY. An objection to the conduct of opposing counsel in the argument to the jury, to be availing, must be first made to the trial court at the time. and if the ruling of the court is adverse to the party making the objection, such ruling will be reviewed by this court.

ERROR to the district court for Cass county. Tried below before POUND, J.

*M. A. Hartigan,* for plaintiff in error.

*James E. Morrison* and *Crites & Ramsay,* for defendant in error.

REESE, J.

This action was originally commenced in the county court of Cass county, and finally tried in the district court, from whence it is brought into this court by petition in error. The petition of the defendant in error filed in the district court, consists of several counts for labor, expenses, property sold to the defendant in error, house rent, etc., to which it is not necessary to refer in detail. The answer denies the allegations of the petition and claims certain

amounts due the plaintiff in error. To this answer a reply was filed denying the allegations thereof. The cause was tried to a jury who returned a verdict in favor of the defendant in error.

The first point made by the brief of plaintiff in error is, that the verdict of the jury is contrary to and not sustained by the evidence. It is a sufficient answer to this to say that the testimony which was submitted to the jury was conflicting. Each party to a great extent maintaining the allegations of his pleading. The jury are the sole judges of the weight of the testimony of the witnesses.

On the trial, the jury was instructed orally by the court, "and not in manner and form as required by the law and practice of the state," and we are referred to sections fifty-two to fifty-six inclusive, pages 203 and 204 of the Compiled Statutes. There is no doubt but that it is the duty of the district court to follow substantially the requirements of the statutes cited by the plaintiff in error, and it is a right given to the parties upon which they may insist at the time. But, upon an examination of the record in this case concerning the impaneling of the jury and trial, we find they "were duly impaneled and sworn according to law, and thereupon after hearing the evidence, argument, and charge of the court, said charge or giving of instructions to the jury in writing was waived by the counsel for the respective parties in open court before the giving of oral instructions, the said jury retire," etc. This record must be taken as true. The giving of written instructions being waived, and no objections being made nor exceptions taken at the time, cannot now for the first time be successfully objected to.

It is next insisted that the conduct of the counsel for the defendant in error upon the argument was prejudicial and wrongful and that the verdict and judgment should be set aside for that reason.

By reference to the bill of exceptions, we find the fol-

lowing record: " While one of the counsel for the plaintiff was addressing the jury, he remarked as follows: ' They were not here asking a verdict because the lower court gave it them.' Hartigan required these words to be written down. The court reprimanded counsel and said · that he had no right to refer to the action of the lower court—what judgment had been rendered there—in his argument. Hartigan excepted to the language used."

In this we find no ruling of the court which was prejudicial to the plaintiff in error. Whether or not the language referred to was prejudicial we need not now inquire, but it is quite clear that the plaintiff in error can make no just complaint of the action of the court. We think the correct rule of 'practice is laid, down in the opinion of this court in *Cropsey v. Averill*, 8 Neb., 160, where it is said "to have raised a question on this point for this court to decide there needed to be an adverse ruling of the court below, and an exception thereto." In this case there was no adverse ruling of the court, and if any wrong *was* perpetrated, it was promptly. and effectually corrected by the court. In this there was no error.

Other alleged errors are set out in the motion for a new trial and petition in error, but as none of them are referred to in the brief of plaintiff in error they will not be noticed here. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.