Bullis v. Drake.

R. C. BULLIS ET AL., PLAINTIFFS IN ERROR, v. BENJA-
MIN DRAKE, DEFENDANT IN ERROR.

1. **The Evidence** examined and *Held* to sustain the verdict.

2. **Trial:** CONDUCT OF ATTORNEY. Where it is alleged that an at-
torney in the argument of a cause on trial to a jury made mis-
statements of the evidence, and went outside of the record in his
statements of the facts proved on the trial, the attention of the
court should be called to the language and conduct of the attor-
ney by the proper objection, and a ruling had thereon by the
court. If the objection is overruled and an exception taken, the
question may be reviewed in the supreme court, upon the lan-
guage, objection, ruling, and exception being made a part of the
record by the proper bill of exceptions, but not otherwise. *Brad-
shaw v. The State*, 17 Neb., 147. The case of *The Cleveland Paper
Co. v. Banks*, 15 Neb., 20, examined and distinguished.

ERROR to the district court for Richardson county.
Tried below before BROADY, J. ·

*E. W. Thomas.* and *C. Gillespie*, for plaintiffs in error.

*E. B. Stevens* and *Isham Reavis*, for defendant in error.

COBB, J.

This was an action of replevin brought by the defendant
in error against the plaintiffs in error. There was a trial
to a jury, with verdict and judgment for the plaintiff in that
court. The defendants below bring the cause to this court
on error. .

Plaintiffs in error by their petition in error present the
following points:

1. The district court erred in overruling the motion for
a new trial.

2. The verdict of the jury is contrary to the evidence,
and is not sustained by the evidence, and is contrary to law
and to the instructions of the court.

3.   The court erred in refusing to set aside the verdict on account of the misconduct of the attorney of defendant in error in his argument to the jury in making statements outside of the record in the case.

4.   The court erred in admitting in evidence statements said to have been made by Albert F. Pool when neither defendants nor their agent were present.

5.   The court erred in giving the instructions asked for by defendant in error.

The first error assigned is merely formal. The only grounds upon which a new trial was or could have been claimed are those set forth in the other errors assigned, and they will be considered in their order.

The second error assigned is based upon the evidence. Is it sufficient to sustain the verdict?

The undisputed facts of the case may be stated as follows: Mrs. M. E. Gandy, the principal defendant, was the owner of certain live stock, consisting of one two-year-old mule colt, one dark red two and one-half year-old bull, four cows, two heifers, six sucking calves, two last spring's calves, and two steers. This stock she sold to a young man named A. F. Pool. On the 15th day of October, 1881, A. F. Pool, for the purpose of securing the payment of his promissory note of that date, payable to M. E. Gandy or bearer, October 15, 1882, for the sum of three hundred thirty-one dollars and twenty cents, with interest at ten per cent, executed to said M. E. Gandy a chattel mortgage in the usual form of and upon all of the said live stock. A copy of this mortgage was filed in the county clerk's office on the 19th day of the same month. The following endorsement also appears upon said copy: " Oct. 22. I hereby release six head of cows in this mortgage, and take instead 13 head of 13 months old steers in another mortgage, 6 cows at $35, $210." On the 1st day of November following, A. F. Pool made a public sale at the residence of J. P. Pool, four or five miles from Humboldt

—the residence of the Gandys—at which a number of head of cattle, horses, farming implements, and a mule answering the description of the mule described in the said chattel mortgage, and doubtless the same mule, were sold at public vendue. The mule was bid off and purchased by R. W. Coleman. Coleman kept the mule about a month and then sold it to the defendant in error. Towards the last of January, 1882, M. E. Gandy placed the chattel mortgage in the hands of her co-plaintiff in error for foreclosure, who as her agent seized the said mule upon said mortgage, and thereupon the defendant in error brought the action of replevin and replevied the said mule. During all the time of these transactions, Dr. J. L. Gandy, the husband of M. E. Gandy, was her duly authorized agent, and for her transacted all of her part of the business connected therewith. It is also an undisputed fact, that some time near the middle or latter part of the month of October, 1881, a quantity of posters or notices of said sale were printed at the office of the *Farmer's Advocate* newspaper, at Humboldt, Richardson county, and that said posters contained a description of said mule as one of the articles of property to be sold at said sale. The evidence as to nearly or quite all of the other facts involved in the case is conflicting. The preponderance of the evidence, so far as can be gathered from reading the bill of exceptions, is to the effect that the printing office above referred to was, during the entire period of the transactions involved in this case, owned, controlled, and managed by parties not connected in any manner with this case. And particularly, that the only connection of the Gandys with said printing office or newspaper consisted in the fact that Dr. Gandy had contributed the sum of ten dollars to the fund with which the said office had been bought by the then present owners, and for which he was to have received stock to that amount whenever the joint stock company, by which the said enterprise was to have been carried on, should be fully or-

ganized.  But it cannot be denied that there is evidence
tending to prove that during the whole of the months of
September, October, and November, 1881, and especially
at the time when the said posters or notices of sale were
printed, Dr. J. L. Gandy was the editor and manager, and
had the control of said newspaper and printing office.  That
he employed a man to set the type and print the said paper
and do such job printing in said office as might be de-
manded.  Also that during the said months the said Al-
bert F. Pool was employed ·by said Dr. Gandy as a hired
man in and about the said printing office.  Also that some
time previous to the 1st day of November, 1881, the post-
ers or handbill notices of said sale, were printed at said
printing office, that Dr. J. L. Gandy read the proof of said
posters before they went to press, and that after they were
printed, they were by the printer delivered to said Gandy,
who took them to his drug store, where some of them were
kept on exhibition to the public, and from whence some of
them were distributed.  And also that about a week before
the time fixed for said sale Dr. Gandy wrote, handed into
said printing office, and ordered, and caused to be printed
and published in said newspaper, a local notice calling at-
tention to the said sale.

It is evident that the jury believed this evidence, and
disbelieved that which conflicts with it; and if they did,
although, as above stated, from the reading of the bill of
exceptions the conflicting evidence would seem to be en-
titled to the greater weight, their verdict as it is, is but the
legal and logical result .of such belief.  If the evidence
above referred to as having been believed by the jury is
true, then the Gandys, husband and agent, and wife,
and principal, are bound by the sale.  · That evidence, on
its face, sufficiently establishes the fact that A. F. Pool was
in the employment of the Gandys when the sale was made;
that Dr. Gandy (who by their own testimony is shown to
have been at that time acting as the agent of M. E. Gandy)·

not only knew that the stock, including the mule in question, was going to be offered at public sale, but he actively engaged in inducing the public to attend said sale and become purchasers of said property.

In this connection I will briefly refer to another ground upon which alone the judgment would probably be affirmed. Sec. 11, of Chap. 32, Compiled Statutes, provides as follows :

"Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith ; and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers."

By the above provision the law attaches a presumption of fraud to the mortgage transaction in question, in favor of the defendant in error, if his vendor, Coleman, who bought the mule at the sale was a purchaser in good faith. There was evidence which warranted the jury in finding in favor of the good faith of the purchase. There was but little evidence tending to remove the presumption of fraud in the transaction between the Gandys and Pool as evidenced by the chattel mortgage ; and while I will not say that the jury might not have been satisfied of its sufficiency for that purpose, I do say that as they did not so find, their verdict must be upheld.

As to the third point, that "the court erred in refusing to set aside the verdict on account of the misconduct of the

attorney of defendant in error, in his arguments to the jury in making statements outside of the record in the case, it cannot be sustained. I presume that this point is presented under the second clause of section 314 of the code of the enumeration of the grounds for the allowance of a new trial. The language of the clause is: "*Second,* Misconduct of the jury or prevailing party." The corresponding clause of section 490 of the criminal code, which is devoted to the subject of new trials in criminal cases, is in the following language : "*Second,* Misconduct of the jury, or the prosecuting attorney, or of the witnesses for the state." I know of no statute, certainly none is cited, which in terms provides for the granting of a new trial for misconduct of the *attorney* of the prevailing party. Yet undoubtedly, a verdict would be set aside and a new trial awarded for such misconduct as the bribery of a juror, or subornation of perjury in a witness, by whomsoever committed, in the interest of the prevailing party; but I do not think that the manner of conducting a trial (by counsel), however vicious, or any words used by counsel in arguing a cause to a court or jury, can be construed to be misconduct of the prevailing party in the sense of the clause above quoted from the civil code. And yet the injured party in such cases is by no means without a remedy if he is mindful of his rights as the cause proceeds.

A question involving the principle now under examination was, for the first time so far as my information extends, presented to this court in the case of *Cropsey v. Averill,* 8 Neb., 151. The opinion of the court was unanimously concurred in. I quote the eighth clause of the syllabus: " 8. One ground of error assigned was the misconduct of the opposing counsel in their argument to the jury, prejudicial to the plaintiff in error. But it was not shown by the record that they were called to order, nor that the court was requested to confine them within the bounds of legitimate discussion. *Held,* That while the offense com-

plained of, if properly presented, would be good ground for a reversal of the judgment, still, as the record does not show any ruling by the court below respecting it, there is no question for this court to review."

The above case has been adhered to by this court, without exception. *C., S. P., M. & O. R. R. v. Lundstrom,* 16 Neb., 254. *Bradshaw v. The State,* 17 Id., 147. *McLain v. The State,* 18 Id., 154.

The case of *Cleveland Paper Co v. Banks,* 15 Neb., 20, constitutes no break in the above line of decisions. A careful examination of that case will show that the judgment was reversed and a new trial awarded for misconduct of the prevailing party, and that this misconduct consisted in the persistent effort, by one of the attorneys of the defendant in error, in the course of the trial in the court below, to prove and get before the jury the alleged fact, that one Smith, the secretary of the company of which defendant in error was the president, had embezzled the funds of the said company. It is true the opinion recites the fact that, in the course of the argument of the cause to the jury, one of the counsel for the defendant in error used the following language, which was quite outside of the case: "The history of Smith, you know; they told you directly after those goods were shipped, Smith went away with property that was not his own." But it also appears that "the plaintiff's attorneys objected to the use of this language, and the court restrained the attorney from making such statement." Certainly this could not have been held error. As an individual member of the court, I doubt that any application, motion, or proceeding, made or sought to be made by counsel in open court, under the eye and within earshot of the presiding judge and opposing counsel, can be held to be misconduct of the prevailing party within the meaning of the statute. But certainly, in a case like the one at bar, where the alleged misconduct consisted in an irrelevant statement by counsel, for which he was

not even called to order by opposing counsel, nor the attention of the court called to it, except for the purpose of getting the language used into a bill of exceptions, no error can be predicated upon it.

As to the fourth error assigned, upon a careful examination of the bill of exceptions, I fail to find any fact to which the same is applicable.

The fifth and last error assigned is, that "The court erred in giving the instructions asked for by defendant in error."

This assignment is not urged in the brief, and so will be regarded as abandoned.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.