MISSOURI PACIFIC R. R. CO., PLAINTIFF IN ERROR, V.
GOTLIEB METZGER, DEFENDANT IN ERROR.

1. **Railroads:** INJURIES TO STOCK: NEGLIGENCE: VERDICT.
In an action against a railway company for horses killed, the
testimony showed that the railway was fenced with barbed wire;
that at a point adjoining a certain bridge the wire was so close
to the ground that the horses had stepped over the fence, leav-
ing at least three bunches of hair from their legs on the barbs
of the wire, and their tracks were plainly seen where they had
crossed the fence. *Held*, That the evidence sustained the charge
of negligence on the part of the company in not protecting its
railway by a sufficient fence, and that a verdict for the fair value
of the horses would not be set aside.

2. **Trial:** ARGUMENTS OF COUNSEL. An attorney, in his argu-
ment to the jury, should confine his discussion to the issues and
the evidence in the case, and it is the duty of the trial court to
see that he does so; and statements in regard to the adverse
attorney, not in evidence, if calculated to prejudice the jury,
may be sufficient to set the verdict aside.

ERROR to the district court for Cass county. Tried
below before CHAPMAN, J.

*B. P. Waggener* and *Beeson & Sullivan*, for plaintiff in
error.

*M. A. Hartigan*, for defendant in error.

MAXWELL, J.

The petition alleges that, at a point on its line of rail-
road, and not within the incorporated limits of any city,
village, or town, or public highway, and at a point where
it was the duty of the defendant company, by force of the
statute, to erect and maintain a suitable and amply suffi-
cient fence upon the sides of the defendant's line of rail-
road, to prevent horses from getting on said railroad, and
that the defendant negligently, carelessly, and wrongfully

did neglect and omit to erect and maintain a suitable and sufficient fence, as by law required, to prevent horses from getting on its railroad; but therein wholly failed and made default, and by reason of and in consequence of which negligence and carelessness, neglect and default of defendant company, its agents, servants, etc., the horses aforesaid, the property of plaintiff, by reason of the premises, strayed in and upon, and got upon the track and right of way of defendant, and while so upon said railroad they and each of them then and there were struck, run upon and against by a locomotive, and were killed, etc.

The material allegations in the answer are as follows: That at the point where the mares described in the petition got on the defendant's track the defendant had erected a fence on each side of said track, and thereafter maintained said fences amply sufficient to prevent horses from getting on said track at said point, and had also constructed and built gates at farm crossings, at said point, as required by law, and had in all respects fully complied with the law of the state as to fencing its tracks and erecting gates at farm crossings; that plaintiff's horses trespassed upon the premises of an adjoining proprietor, upon whose premises a private farm crossing gate had been erected by defendant, which gate was under the control of the owner of said land, and, without any fault of defendant, its agents, or servants, said gate had been left open, and through which open gate plaintiff's mares escaped, and thereby got on defendant's track, and were injured without any fault of defendant, etc.

This was denied by the reply.

The jury returned a verdict for $250, which is considerably less than the value of the horses, as proved on the trial. The testimony shows that the railway is fenced with barbed wire, and that the wires which joined up to the north end of the bridge, where the horses were killed, were but a few inches above the ground. The proof also shows

that the horses in question had stepped over the fence at that place.  At least three bunches of hair, identified as having been rubbed off the horses' legs, were found on barbs of the wire where the horses had stepped over the fence, and their tracks were plainly seen upon the ground. This testimony is practically uncontradicted, and clearly establishes the fact that a neglect to keep up the fence was the cause of the loss.  The verdict, therefore, is fully sustained by the evidence, and will not be reversed, because there are possible theories to account for the horses getting upon the track without the fault of the railway company.

Some objection is made to the use of certain language in the argument of the case by the attorney for the defendant in error.  It is the duty of an attorney in arguing a case to the jury to confine the discussion to the issue and evidence in that particular case, and it is the duty of the trial court to see that this rule is observed.  The language used in this case, however, while objectionable, was not so far prejudicial as to justify a reversal of the case.  It is evident that substantial justice has been done, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.