## WILLIAM HENNIES *et al.*

### *v.*

## MARY VOGEL.

1. DISCRETION—*staying case till costs of former suit are paid.* A motion by a defendant to stay proceedings in a suit until the plaintiff pays the costs in a former suit brought for the same cause, which had been dismissed, is addressed to the discretion of the court, and the decision can not be reviewed.

2. PRACTICE—*improper remarks of counsel.* It is the duty of the circuit court, in conducting trials by jury, to restrain every effort of the parties or their counsel to bring before the jury matters which are foreign to the issues, and especially to exclude all such matter where it has a tendency to excite the prejudices of the jury.

3. If a plaintiff's attorney, in his opening speech to the jury, with the permission of the court, and against the defendants' objection, should state that, on a former trial, the defendants had suborned their little son, then a child of four years, to commit perjury by swearing that his father did not strike plaintiff with a hatchet, and that one of the defendants had committed perjury in his affidavit for a change of venue, it would furnish good ground for reversing a judgment rendered for the plaintiff.

4. DAMAGES—*whether excessive.* In trespass for an assault and battery with a hatchet, striking the plaintiff on the head, when there was considerable provocation, and no very serious or permanent injury inflicted, $1700 damages found by the jury was regarded by a majority of the court as excessive.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was an action of trespass, brought by Mary Vogel, against William Hennies and Anna Hennies, his wife. The case was in this court before, and the judgment for the plain-

tiffs reversed for a misjoinder of parties plaintiff. 66 Ill. 401. It seems the plaintiff and her daughter, and others, broke open a house of William Hennies, took possession and put out his furniture. When he went to see about the matter, a difficulty occurred, in which it was claimed both he and his wife assaulted and struck the plaintiff, and that he struck her on the head with a hammer, or hatchet. It appeared that, if he did so strike, there was considerable provocation. It does not clearly appear that the injury to the plaintiff was very serious or permanent in its nature. The venue was changed from Livingston to Iroquois county, where a trial was had, resulting in a verdict and judgment of $1700 in favor of the plaintiff.

Mr. CHARLES J. BEATTIE, Mr. ROMEO T. PERRY, and Mr. ALBERT E. ARMSBURY, for the appellants.

Mr. L. E. PAYSON, and Mr. D. L. MURDOCK, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of trespass *vi et armis,* by appellee, against appellants, for an alleged assault and battery. Defendants pleaded *not guilty,* and several special pleas. Issues were formed and tried by a jury, and verdict went against the appellants for $1700. Motion for new trial was denied, and judgment rendered upon the verdict. Appellants bring the record here, and ask that the judgment be reversed.

One ground of complaint is, that the court refused to stay proceedings, on motion, until appellee should pay the costs of a former action, for the same cause of action, which had been dismissed. This presented a question for the discretion of the circuit court, and can not properly be reviewed in this court.

It is insisted that the verdict is not supported by the evidence, and is plainly against the weight of the evidence. After a careful consideration of all the evidence, we think the

finding is supported by the evidence, and we can not say the verdict is so plainly against the weight of the evidence as to require that the same be disturbed on that ground.

The objections urged against the rulings of the court as to instructions can not be sustained. We deem it unnecessary to discuss them in detail.

It is insisted that a new trial should have been granted, for the reason that (as alleged by appellants) appellee's attorney, *with the permission of the court,* and against the objection of appellants, "in his opening speech to the jury, stated that, on a former trial of this case, the defendants had suborned their little son, then a child of four years, to commit perjury by swearing that his father did not strike plaintiff with a hatchet, * * * and that Mr. Hennies had committed perjury when, in his affidavit for a change of venue, he stated that the people of Livingston county were prejudiced against him." Were this true, it would, indeed, be good cause for reversing this judgment. It is the duty of the circuit court, in conducting trials by jury, to restrain every effort of the parties to bring before the jury matters which are foreign to the issues to be tried, and especially and scrupulously to exclude all such matter when the same has a tendency to excite the prejudices of the jury against a party to the issue.

Unfortunately for the success of this objection in this case, the charge is not sustained by the transcript of the record. The extract above is copied verbatim from the *abstract* prepared and filed by appellants' attorney in this case. An examination of the transcript shows that "defendants' attorney objects to the counsel for the plaintiff, in his opening the case to the jury, stating anything about what the testimony was on the other trial," and that the objection was overruled; but the transcript of the record does not show that one word was, in fact, said on that subject to the jury; much less does it show that the matter found in the abstract was stated to the jury. The transcript also shows that the attorney for the defendants below "objected to the counsel saying anything

about the affidavit of Mr. Hennies," and the court stated that it was "immaterial." The record does not show that the contents of the affidavit were discussed at all by the plaintiff's attorney. It is much to be regretted that such a discrepancy is ever encountered. To incorporate in the abstract matter not found in the record, is ever reprehensible. If done inadvertently, it indicates culpable negligence; if done with intention to mislead this court, it is sheer dishonesty.

It is also insisted that the damages are excessive. To some members of the court they seem unreasonably large, but, after mature consideration of all the proofs, we are not convinced that the verdict is the result of passion or prejudice.

Per CURIAM: After the opinion was filed in this case, a petition was filed for a rehearing, on the consideration of which, we became satisfied that the damages found by the jury were excessive, and a rehearing was accordingly granted.

On the rehearing, having gone over the whole case, a majority of the court still adhere to all that was said and determined by the former opinion, except as to the damages not being excessive. The majority are satisfied that they are out of all proportion to the injury inflicted. After making all due allowance for punitive damages and for aggravation that the jury may have believed attended the assault, the majority think they are so large as to clearly indicate that the jury must have acted under prejudice or been inflamed by passion.

The judgment will, therefore, be reversed and the cause remanded.

*Judgment reversed.*