THE UNION PACIFIC RAILWAY COMPANY, PLAINTIFF
IN ERROR, v. CHARLES HIGH, DEFENDANT IN ERROR.

**Railroads:** DAMAGE TO STOCK: FENCING. Action against the
railroad company for killing, by means of its engine and train,
certain hogs of the plaintiff, at a point on its line where said
company had failed to comply with the law requiring it to fence
its track, etc. It was stipulated that the hogs were killed by a
passing train of defendant at a point on its road not within the
limits of any town, city, or village, and at a point where said
road was not fenced on either side; that said hogs had escaped
from the enclosure of the plaintiff, and were at large without
the actual fault of the plaintiff, in the day-time at the time they
were killed, but that they were killed without any negligence
on the part of said defendant and its agents or employees other
than what may be implied from the neglect to fence the line of
its road. A finding and judgment for the stipulated value of
the hogs for the plaintiff upheld.

ERROR to the district court for Dodge county. Tried
below before POST, J.

*A. J. Poppleton* and *J. M. Thurston,* for plaintiff in
error, contended that the act of March 1st, 1875, being
subsequent to the act of 1867, is to be given its full force
and effect; that the railroad company is not bound to fence
against stock restrained from running at large by law; that
the law charges the defendant in error with negligence,
notwithstanding his hogs escaped without his actual fault;
that the plaintiff in error is not charged absolutely, and if
at all, only in the absence of contributory negligence on
the part of defendant in error; that the defendant in error
is chargeable with contributory negligence in suffering his
animals to escape, and therefore cannot recover; and that
the legislature had no right to say that a railroad company
shall be *absolutely* liable for stock killed by its trains re-
gardless of the degree of negligence that may be chargeable
to the stock owner. In support of these views cited:

*Railroad v. Skinner*, 19 Pa. St., 298.    *Clark v. Railroad,* 36 Mo., 202.    *Dean v. Railroad,* 22 N. H., 316.    *Williams v. Railroad,* 2 Mich., 259.    *Thorpe v. R. R.,* 27 Vt., 140.    *Trice v. R. R.,* 49 Mo., 438.    *Tonawanda R. R. v. Munger,* 5 Denio, 259.    *C. & N. W. R. R. v. Goss,* 17 Wis., 428.    *Stuck v. Railroad,* 9 Wis., 202.    *Pittsburg, Ft. Wayne, etc., v. Mithven,* 21 Ohio State, 586.    *Central Branch R. R. v. Lee,* 20 Kan., 353.

*William Marshall,* for defendant in error, cited: *F. & P. M. R. R. v. Lull,* 28 Mich., 510, and cases there cited. *Shepard v. Railroad,* 35 N. Y., 641.    *Ewing v. Railroad,* 72 Ill., 27.    *Gillam v. Railroad,* 26 Minn., 268.    *Railroad v. Wiggins,* 24 Kan., 588.    *Spence v. C. & N. W. R. R.,* 25 Iowa, 139.

COBB, J.

The question presented by the stipulation and special findings in this case is, whether a railroad company is liable for killing hogs which had escaped from the enclosure of the owner, and were at large without his actual fault, in the day-time, at a point where the railroad was not fenced, not within the limits of any city or village, but which were killed without any negligence on the part of the railroad company, or its agents, servants, or employes, other than what may be inferred from the neglect to fence the line of road.

The legislation bearing on the subject may be stated as follows: The act of 1867, Laws of 1867, p. 88, Comp. Stat., pp. 381-2, provides: "That every railroad corporation * * * shall * * * erect and thereafter maintain fences on the sides of their said railroad * * * suitably and amply sufficient to prevent cattle, horses, sheep, and hogs, from getting on the said railroad, except at the crossings of public roads and highways, and within the limits of towns, cities, and villages, with opens, or gates,

or bars, at all the farm crossings of such railroads for the use of the proprietors of the lands adjoining such railroad, and shall also construct, where the same has not already been done, and hereafter maintain at all road crossings, now existing or hereafter established, cattle-guards suitable and sufficient to prevent cattle, horses, sheep, and hogs from getting on to such railroad; and so long as such fences and cattle-guards shall not be made after the time hereinbefore prescribed for making the same shall have elapsed, and when such fences and guards, or any part thereof, is not in sufficient repair to accomplish the objects for which the same is herein prescribed is intended, such railroad corporation and its agents shall be liable for any and all damages which shall be done by the agents, engines or trains of any such corporation * * * to any cattle, horses, sheep, or hogs thereon; and when such fences and guards have been fully and duly made and shall be kept in good and sufficient repair, such railroad corporation shall not be liable for any such damages unless negligently or willfully done."

The act 1875, Laws of 1875, p. 190, Comp. Stat., p. 51, provides: "That from and after the first day of March, 1875, sheep and swine shall be restrained from running at large in the State of Nebraska," etc.

The act of 1877, entitled: "An act to amend section two of an act to define the duties and liabilities of railroad companies," approved June 22, 1867, Laws of 1877, p. 59, Comp. Stat., sec. 382, provides: "That section 2 of an act to define the duties and liabilities of railroad companies,' approved June 22, 1867, be amended so as to read as follows: 'Any railroad company hereafter running or operating its road in this state, and failing to fence on both sides thereof against all live stock running at large at all points, shall be absolutely liable to the owner of any live stock injured, killed, or destroyed by their agents, employes, or engineers," etc.

From the above, it will be seen that it was the duty of the railroad company, the plaintiff in error, to have fenced its line of railroad. This is admitted by the stipulation not to have been done at the point where the hogs were killed. Section one of the act of 1867 is not repealed or amended in terms. The duty to fence its road on both sides, except at the crossings of public roads and highways and within the limits of towns, cities, and villages, remains unimpaired. It was also the duty of the plaintiff below, defendant in error, to have restrained his hogs from running at large. But it is stipulated that said hogs had escaped from the enclosure of plaintiff, and were at large without the actual fault of the plaintiff, in the day-time, at the time they were killed; also that they were killed without any negligence on the part of defendant and its agents or employes, other than what may be inferred from the neglect to fence the line of road.

The plaintiff in error takes the position, among others, that the law charges the defendant in error with negligence, notwithstanding his hogs escaped without his actual fault. The adjudicated cases bearing on the question of the character of the liability of railroad companies under fencing laws similar to our own are so numerous, and the views therein expressed so various and conflicting, that no attempt will be made to reconcile or even to collate them. But we will content ourselves with stating the conclusion to which we have arrived after a very thorough examination of the authorities.

This being an action against a railroad company for killing by its engine and train certain hogs of the plaintiff, at a point on its line where it had failed to comply with the law requiring it to fence its track, the plaintiff was only required to prove the fact of the killing, the ownership and value of the hogs killed, and that the track at that point was unfenced, to make out his case, *prima facie.* No negligence on the part of the engineers, agents, or em-

ployes of the company was alleged or need be proved. For the purposes of this case it will not be necessary to decide what might have been the effect of evidence showing the defendant in error to have been guilty of actual negligence and had the facts not been stipulated the other way, but it will be sufficient to say that the law does not impute to him such negligence on account of his hogs having escaped from his enclosure against his will.

Under the law, and upon the facts as stipulated, the judgment of the district court was right and must be affirmed.

JUDGMENT AFFIRMED.