## Robert Lewis, appellant, v. Harriet Lewis et al., appellees.

[Filed March 10, 1891.]

1. **Judgment**: Cancellation: Burden of Proof. In an action by a judgment debtor to cancel a judgment obtained against him on the ground of payment, the burden is upon him to prove that the judgment has been paid.

2. **The evidence** in the case sustains the findings of the district court.

APPEAL from the district court for Platte county. Heard below before MARSHALL, J.

*McAllister & Cornelius* for appellant, cited: *Hillerbrand v. Nibbelink,* 6 N. W. Rep., 861.

NORVAL, J.

Harriet Lewis, on June 29, 1887, recovered a judgment against Robert Lewis before a justice of the peace of Platte county, for the sum of $130 debt and cost of suit taxed at $21.70.   On the 25th day of April, 1888, an execution was issued on the judgment, and placed in the hands of Daniel Mock, a constable, who levied the same upon personal property owned by Robert Lewis.

Shortly thereafter the plaintiff in error commenced this suit in the district court to enjoin the sale of the property taken under the execution, and to cancel the judgment, alleging in his petition that the judgment had been paid and that the full amount of the costs had been tendered to the constable.

The answer admits the recovery of the judgment, the issue and levy of the execution, and denies payment and tender of costs.   Upon the hearing the petition was dismissed.

' The sole question involved is one of fact.   Harriet Lewis is the mother of the plaintiff in error, and at the time of the trial was eighty-four years old.   In September, after she obtained the judgment against her son in the justice court, Robert went to see his mother, and proposed to take her to his home and support her.   This she consented to.   During the fall he built a small house, twelve feet square, consisting of one room, on his land, near his house, and the old lady went there to live.   The building cost from $50 to $75.   He bought her an old stove for $10 and provided her with some other furniture.

34

Lewis v. Lewis.

The plaintiff testified that it was agreed between the parties that the cost of the house and his outlays for her living should be applied on the judgment. ' How long she resided with the son, and the amount of money paid out in supplying her wants, does not appear.

On the trial the plaintiff introduced a receipt signed by his mother, acknowledging satisfaction of the judgment.

Mrs. Lewis testified that Robert asked her to come and live with him, that the reason the house was built was, because her son's wife did not like her very well, and was not willing that the witness should live with her in the same house; that Robert never told her he would build the house and furnish it for what he was owing her. Mrs. Lewis admits signing the receipt at her son's request, before Squire Lamb, but states she did not know its contents, but supposed it was a letter. She further testified that the paper was not read to her and nothing was said about the judgment. She appears to be unable to read or write and signed her name to the receipt with a mark.

Squire Lamb testified that it was not read before it was signed.

The testimony introduced by the plaintiff shows that he has never paid or tendered payment of any part of the judgment for costs obtained against him. He therefore was not entitled to enjoin the execution issued on the judgment, even though he had paid the remainder of the judgment. But we think there was abundant testimony before the court below to show that it was not the intention of the parties that the son was to charge for his outlays in building the house and furnishing support for his aged mother. The burden was upon the plaintiff to establish that he had paid the judgment. The court below saw and heard the witnesses, and was therefore better able than we to weigh the conflicting evidence and draw the proper conclusions therefrom. The judgment is

AFFIRMED.

THE other judges concur.