JAMES W. STRATTON v. W. A. NYE ET AL.

FILED JUNE 22, 1895.   No. 5691.

1. **Trial:** PROCEDURE: REVIEW.   Considerable discretion is vested in the trial judge in controlling and managing the routine proceedings at the trial, and this applies to the opening statements of counsel as well as to other incidents of the trial.   The discretion must be a reasonable one, and it is only where there has been a clear abuse of discretion that the error will be corrected by a reviewing court.

2. ———: MISCONDUCT OF ATTORNEY: GROUND OF REVERSAL. Where the defendant's attorney, in his opening statement to the jury, with the permission of the court, and against the objection of the plaintiff, rehearses matters wholly foreign to the issues in the case, and which are calculated to excite the prejudices of the jury, it will furnish good cause for reversing a verdict and judgment rendered for the defendant.

3. **Hearsay Evidence:** REVIEW.   *Held*, That the admission of certain testimony referred to in the opinion was reversible error.

ERROR from the district court of Saunders county. Tried below before BATES, J.

*Good & Good* and *M. B. Reese*, for plaintiff in error.

*George I. Wright, contra.*

NORVAL, C. J.

This suit was brought by James W. Stratton against W. A. Nye and David Fraser upon a promissory note for $204, purporting to be signed by them, payable to the order of C. W. Sanford, and by him indorsed to the plaintiff. No service of summons was had upon Nye, nor did he appear to the action. Fraser answered by a general denial, his defense being that the note, as to him, was a forgery. There was a trial to a jury with a verdict and judgment in favor of the answering defendant, to reverse which the plaintiff brings the cause to this court on error.

Error is alleged in that the court permitted, over the objection and exception of the plaintiff, counsel for the defendant in his opening statement to the jury to say that "W. A. Nye in 1889 was the owner of one-half interest in a corn sheller, in connection with Robert Gilchrist; that some time in July of that year he sold that half interest to Mr. Gilchrist, and after this he came to town and mortgaged the same half interest which he had sold to Mr. Gilchrist." The foregoing matters rehearsed to the jury, even if true, were entirely irrelevant to the issues in the case. They could not, if established by evidence, in the least degree tend to show that the name of Fraser attached to the note was not his genuine signature. This is too plain for argument. It is not only the province, but the duty, of the trial court to see to it that counsel in his opening address to the jury confines his remarks to a statement of the nature of the issues to be tried and an outline of the evidence by which the cause of action or defense is to be established.

In such opening statement it is the duty of counsel to re-
frain from rehearsing irrelevant and prejudicial matters or
facts which are foreign to the issues; and where counsel
abuses the privilege of advocacy in his opening by rehears-
ing irrelevant and prejudicial matters, the court should, es-
pecially when objection is made, reprove the practice in the
hearing of the jury, and as far as possible remedy the mis-
chief by instructing the jury to disregard the prejudicial
statements.   The trial judge must necessarily have a broad
discretion in such matters; but if counsel abuse their privi-
lege, or the .trial court its discretion, to the prejudice of a
party, it is sufficient ground for a reversal of the case. (1
Thompson, Trials, secs. 264–266; *Scripps v. Reilly*, 35
Mich., 371; *Hennies v. Vogel*, 87 Ill., 242; *Ayrault v.
Chamberlain*, 33 Barb. [N. Y.], 229.)   In the case at bar,
counsel for the defendant in his opening statement repeated
before the jury,—and that too with the sanction and ap-
proval of the trial judge,—matters entirely foreign to the
issues, which had a tendency to excite the prejudices of the
jury.   We deem this error good and sufficient cause for
reversing the judgment.

Complaint is made because the court permitted the de-
fendant's witnesses, Collins and Moss, to testify, over the
objections and exceptions of plaintiff, that W. A. Nye, the
principal maker of the note in controversy, disposed of cer-
tain mortgaged property during the existence of the lien
and without the consent of the mortgagee.   This testimony
was clearly incompetent and prejudicial.   What has been
said in discussing the preceding assignment applies to this.
From the fact that Nye disposed of mortgaged chattels
contrary to law, the inference is not permissible that he
forged the name of Fraser to the note, or that the latter
did not execute the instrument.   Equally erroneous was
the admission over plaintiff's objection of the testimony
of the witness T. L. Adams to the effect that Nye was
financially bankrupt.   The experience of the past has not

shown that the rich alone are honest.   It is not a crime to be poor, nor can the insolvency of a person be shown for the purpose of establishing that he has committed a forgery.

It is also insisted that the court erred in permitting the witness Sams to testify to a conversation had with Nye to the effect that the latter stated to the witness he could imitate the signature of any person.   We think the contention is well taken and that the objection to the testimony made when offered should have been sustained.   The testimony was hearsay.   Nye was not a party to the suit, not having been served.   Moreover, had he been duly summoned, the evidence would have been irrelevant and incompetent, since it would be the proving by one defendant the declaration of a co-defendant made in the absence of the plaintiff.   The evidence could not in the least tend to prove or disprove whether Fraser appended his name to the note in question, or whether or not his name was forged by Nye. The admission of this testimony was highly prejudicial to the rights of the plaintiff.

Other errors are assigned, both upon the admission and exclusion of testimony, and upon the giving and refusing of instructions, but the conclusion reached makes it unnecessary to consider them.   For the errors pointed out the judgment is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.