ASHLAND LAND & LIVE-STOCK COMPANY v. ALFRED MAY,

FILED MAY 5, 1897. No. 7191.

1. Review: EVIDENCE. A verdict will not be disturbed merely because it is against the preponderance of the evidence.

2. Payment: PLEADING AND PROOF. The question of payment is a matter of defense, which, to be available, the defendant is required to set up in the answer and establish on the trial.

3. ———: ———: INSTRUCTIONS. Held, The fourth instruction stated the correct rule as to the burden of proof, and was applicable to the issues made by the pleadings.

4. Trial: MISCONDUCT OF ATTORNEY: REVIEW. Remarks of counsel for plaintiff during the examination of a witness for an unsuccessful defendant, over proper objections, that. such witness had been "fixed" by defendant's counsel and that said counsel had to depend upon "fixing witnesses," in the absence of evidence of such fact, are grounds for setting aside the verdict.

ERROR from the district court of Saunders county. Tried below before WHEELER, J. Reversed.

*Simpson & Sornborger,* for plaintiff in error.

*O. C. Tarpenning, contra.*

NORVAL, J.

Alfred May, plaintiff below, brought this action to recover an alleged balance claimed to be due him from the defendant for work and labor. The petition avers, substantially, that plaintiff, in 1891, entered into a contract with the defendant, by the terms of which May was to act as defendant's manager and veterinary, at the agreed price of $50 per month; that in pursuance of said contract he was in defendant's employ in the years 1891 and 1892, and that defendant is indebted to him therefor, over and above all credits, in the sum of $424.20, for which, with interest, he prays a judgment. The answer consisted of a general denial, and also a counter-claim for $422, composed of the following items:

| | | |
|---|---:|---:|
| To wintering 21 head of horses from November 22, 1890, to May 1, 1891, at the agreed price of $2.50 per head per month.................. | $287 | 75 |
| To wintering mare from March 12 to May 1, 1892 .................................... | 4 | 25 |
| To pasturing 22 head of horses from May 1 to October 1, 1892, at agreed price of sixty cents per head per month...................... | 66 | 00 |
| To feeding and caring for 22 head of horses from October 1, 1891, to November 12, 1891, at agreed price of $1.50 per head each per month ................................. | 29 | 00 |
| To extra corn fed during winter.............. | 25 | 00 |
| Stallion kept in box stall, attended to and fed from November 22, 1890, to March 30, 1892... | 66 | 00 |
| Horse with fistula kept in barn different times.. | 22 | 00 |
| | $500 | 00 |
| Credit: By cash............................. | 78 | 00 |
| | $422 | 00 |

Plaintiff for reply admitted the making of the contract for the feed of twenty-one head of horses from November 22, 1890, to April 27, 1891, at the agreed price of $2.50 per head per month, and denied each and every other allegation in the answer. There was a trial by jury and a verdict was returned for plaintiff below in the sum of $303.57. From the judgment entered thereon the defendant prosecutes error.

The question as to the sufficiency of the evidence to sustain the finding and the judgment is presented. All that need be said upon that point is that the evidence produced by the plaintiff was ample to establish the contract as alleged by him, and that he was under the employ of the defendant thereunder as the manager of its business for fourteen months, while there was evidence on the other side conducing to show that no such contract was ever made between the parties, but that the plaintiff agreed to work for his board alone. The evidence relating to the various items of the counter-claim, excepting the first, was also conflicting. We think there was sufficient evidence to support the verdict and judgment. The opposite is not claimed, but it is insisted that the finding is contrary to the great weight of the evidence. This, if true, is not alone sufficient to work a reversal.

Another contention is that the court erred in refusing to give the following instruction requested by the defendant: "The jury are instructed that in this case the plaintiff sues upon a contract wherein he claims he was employed by the defendant, Ashland Land & Live-Stock Company, in the winter of 1891, at the agreed price of $50 per month, and that he worked for said company in said employment for a period of fourteen months. Before the plaintiff is entitled to recover in this case he must satisfy you by a preponderance of the evidence that such contract was in fact entered into, that he performed said service under and by virtue of said contract, and that the compensation so agreed to be paid to him, or some of it, has not been paid." This instruction not only failed

to state the correct rule of law applicable to the case, but it was clearly and palpably bad, and it would have been reversible error to have given it, since the burden was not upon the plaintiff to prove by a preponderance of the evidence, or otherwise, in order to make out his case, that any portion of the compensation which he was to receive for his services remained unpa'' On the contrary, the question of payment was a matter of defense which, to be available, the defendant was required to set up in its answer and establish on the trial. (*Magenau v. Bell*, 14 Neb., 17; *Clark v. Mullen*, 16 Neb., 481; *Lamb v. Thompson*, 31 Neb., 448; *Lewis v. Lewis*, 31 Neb., 528; *Hubler v. Pullen*, 9 Ind., 273; *Wolffe v. Nall*, 62 Ala., 24; *Lent v. New York & M. R. Co.*, 130 N. Y., 504.) For the reason stated we approve of the refusal to give defendant's request to charge.

The fourth paragraph of the instructions is criticised by the defendant. It is in this language: "The jury are further instructed that the burden of proof in this class of cases is always upon the party holding the affirmative; and any matter asserted by one party and denied by the other can only be proved in law by a preponderance of the evidence; and in this case, in order for the plaintiff to recover on a contract for work alleged to have been performed thereunder, it is necessary for him to prove such contract and such work to have been performed thereunder by a preponderance of the evidence. And in order for the defendant to recover on its counter-claim it must prove the same, or the items thereof, by a preponderance of the evidence, and would only be entitled to such, if any, as are so proven." The vice imputed to the foregoing by the counsel it that it is inapplicable to the issues in the case. In other words, that the latter part of the instruction, wherein it states that for defendant to recover it must prove its counter-claim, "or the items thereof, by a preponderance of the evidence, and would only be entitled to such, if any, as are so proven," submitted to the jurors for their decision a matter not in

issue, namely, the correctness of the first item of the counter-claim. Had the justness of that item been admitted by the reply, there would be some foundation for the criticism made upon the instruction; but it was not. Plaintiff, by his reply, merely confessed the making of the contract relating to that item, but did not admit there had been any performance by the defendant, hence defendant was required to prove the same by a preponderance of the evidence.

It is insisted that counsel for plaintiff was guilty of misconduct during the progress of the trial in the lower court, in the way of remarks and statements made by him, in the presence and hearing of the jury, of and concerning matters wholly foreign to the record. This criticism is well merited. The conduct of counsel for defendant in that regard was highly reprehensible. He persistently, over objection of defendant, uttered prejudicial remarks;—among others the following is a fair illustration: "He stated to defendant's counsel, 'He [referring to defendant's witness then on the stand] has been to you; of course you fixed him; you have to depend upon fixing witnesses,' "—in the total absence of evidence of such fact. The defendant at the time objected to the improper remarks. In some instances the court sustained the objection, while in others no ruling was made. In no instance did the trial judge rebuke counsel for plaintiff on account of his misconduct, nor was he directed to desist from using improper language, nor was the jury either at the time, or in the instructions, admonished not to be influenced by them. The misconduct of counsel for the prevailing party in this case could not have been otherwise than prejudicial to the defendant, especially in view of the conflicting character of the evidence. (*Stratton v. Nye*, 45 Neb., 619; *Magoon v. Boston & M. R. Co.*, 31 Atl. Rep. [Vt.], 156.) For the error indicated the judgment must be

REVERSED.