CLEVELAND PAPER COMPANY, PLAINTIFF IN ERROR, V. CHARLES BANKS, DEFENDANT IN ERROR.

1. **Trial:** ARGUMENT OF COUNSEL TO JURY. On the trial of a cause against one B., the president of a printing company, on an alleged agreement of said B. to pay for certain paper furnished the printing company, the attorney for B. persisted in offering to prove that one S., the secretary of the printing company, had embezzled the funds and appropriated the property of the said company, which evidence was excluded. In the argument to the jury, B.'s attorney said, "The history of Smith you know; they told you that directly after these goods were shipped, Smith went away, and that he went away with prop-

qrty that was not his own," *Held*, Error, and that the cause would be reversed.

2. ———: MOTION FOR NEW TRIAL. ASSIGNMENTS OF ERROR. Under the general assignment, in the motion for a new trial, of "errors of law occurring at the trial," only such errors as appear in the bill of exceptions can be considered. If objection is made to any of the instructions it must be specifically assigned.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*Congdon, Clarkson & Hunt*, for plaintiff in error, cited *Cropsey v. Averill*, 8 Neb., 160.

*Bartlett & Peckham*, for defendant in error.

MAXWELL, J.

This is an action by the plaintiff against the defendant to recover the sum of $213.48 and interest, for paper alleged to have been sold by the plaintiff to the defendant. The answer is a general denial. On the trial of the cause the jury returned a verdict in favor of the defendant, upon which judgment was rendered.

The errors assigned are: 1st. Misconduct of the prevailing party. 2d. That the verdict is not sustained by the evidence. 3d. Errors of law occurring at the trial.

The testimony shows that in October, 1879, one Smith, the secretary of the Omaha Post Printing Company, applied to one Taylor, the salesman of the plaintiff at Chicago, to purchase the paper in question. Taylor refused to sell the paper unless Banks, who was the president of the printing company, and Liedtke, the vice-president, would agree to pay the bill. On the 6th of October of that year Smith wrote to Taylor saying that " Mr. Banks is willing to accept the bills individually, but he declines to ask either Capt. Liedtke or any one else to go security for such bills for such amounts as a couple of hundred dollars."

On the 30th of October, 1879, Smith wrote to Taylor acknowledging the receipt of the paper, and saying it "is perfectly satisfactory as to quality. If you have not already drawn on us, we will remit you about the 20th of November one-half the amount of your bill, and the other half about the 20th of December."

There is also a letter from the defendant to the plaintiff, dated April 16, 1880, wherein he says: "I will pay the old account, and then you must give sixty days on the new order," etc. There is a large amount of other testimony to which it is unnecessary to refer. During the trial of the cause an attempt was made by the defendant's attorney to show that Smith, the secretary of the company, had embezzled funds belonging to the company. This was ruled out as improper. It was also stated that the theory of the defendant's case was that Smith had received this paper and applied it to his own use; but there was no testimony to that effect. In the argument of the cause to the jury, however, Mr. Peckham, the defendant's attorney, used the following language: "The history of Smith you know; they told you that directly after these goods were shipped Smith went away, and that he went away with property that was not his own." The plaintiff's attorneys objected to the use of this language, and the court restrained the attorney from making such statements.

The rights of parties are to be determined from the evidence, and an attorney in arguing a case to a jury must confine the discussion of facts to those proved. If he can be permitted to make assertions of facts, or insinuations of the existence of facts, not supported by the proof, there is danger that the jury will lose sight of the issue or be influenced by misstatements to the prejudice of the other party. Where such statements are improperly made *prima facie* they are prejudicial, and may be sufficient to cause the reversal of the case. In the case under consideration it was entirely immaterial whether Smith had embezzled the

funds or appropriated the property of the Post Printing Company or not, and any evidence tending to prove such facts or assertions of their existence must have directed the attention of the jury from the real question at issue, and must have been prejudicial. That evidently was the object of the statement, and that it had the effect desired is pretty clear. The question at issue was whether Banks, the president of the company, had made himself personally responsible for the payment of a quantity of paper purchased for and received by the Post Printing Company. Whether or not Smith had embezzled the funds or appropriated the property of the company in no event could have the slightest relation to the case, and the only effect of the persistent offer of such evidence and making of such statements was to cause the jury to consider that the alleged wrong of Smith would defeat the liability of the defendant. In our opinion, therefore, the statement was so far prejudicial as to demand a new trial. The verdict is also against the clear weight of evidence. A clear preponderance of the evidence tends to show that the defendant did agree to pay for the paper, notwithstanding his deliberate denial of the same.

Objections are made to certain instructions, but as they do not seem to have been made in the motion for a new trial they cannot be considered. While under the statute all errors occurring during a trial may be considered under the general assignment of "errors of law occurring at the trial" [Comp. Stat., 573], this evidently refers to the errors shown by the bill of exceptions. But as instructions are required to be in writing and to be filed with the clerk before being given by the court, and must be marked "Given or refused and exceptions noted," and thus become a part of the record, they are not required to be, nor should be, made a part of the bill of exceptions.

If exceptions to the instructions are relied upon they must be assigned in the motion for a new trial. And this

is but just to the trial court. It is pretty evident too, that the legislature never intended under a general assignment to include errors which appear in the record aside from the bill of exceptions. These errors, therefore, cannot be considered.

The judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.