O. & R. V. R. R. Co. v. Walker.

THE OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. MARY K. WALKER, DEFENDANT IN ERROR.

THE OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. E. T. HARTLEY, DEFENDANT IN ERROR.

THE OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. HENRY C. HARTLEY, DEFENDANT IN ERROR.

1.  **Railroad:** EMINENT DOMAIN: APPEAL: TRIAL: ARGUMENT Where a railroad company has condemned real estate for right of way, and an appeal from the award of damages has been taken to the district court, the land-owner on the trial is entitled to open and close.

2.  **Instructions** asked and refused or objected to must be specifically pointed out in some way in the motion for a new trial.

3.  **Damages for Right of Way:** JURY VIEWING PREMISES. Where, in a trial to recover damages for right of way across a tract of land, the jury were permitted by the court to view the premises, the verdict will not be set aside unless it is clear that the jury erred.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Harwood, Ames & Kelly,* for plaintiff in error.

*Lamb, Ricketts & Wilson,* for defendants in error.

MAXWELL, J.

These cases were appealed to the district court of Lancaster county from the award of damages allowed by the commissioners appointed by the county judge of that county to

appraise the amount to which the defendants were entitled for the right of way for the railroad across their respective tracts of land. The sole question presented is the amount to which each of the defendants is entitled. The cases were tried to the same jury—practically one trial in the court below, and a verdict for a specified amount returned in favor of each of the defendants. Although there are three records, presenting each case separately, yet as the questions presented are substantially alike in all, except as to the amount of recovery, the cases will be considered together.

The first error relied upon, and the one on which the most reliance seemed to be placed, is the refusal of the court below to permit the plaintiff in error to open and close the case. In support of this proposition it is said in the plaintiff's brief that "under our laws and constitution, the land cannot be taken until just compensation is made; and when the petitioner and land-owner cannot agree in regard to the amount of compensation, the petitioner is compelled to institute proceedings to determine what shall be just compensation. To the petition which may be filed by the corporation to condemn the land for public use, no answer or plea of any character is required to be filed, but the amount to be paid for the property taken is to be determined upon the petition itself." Then, after quoting section 283 of the code, which provides that "the party who would be defeated if no evidence were given on either side must first produce his evidence; the adverse party will then produce his evidence," it is said: "The corporation would be defeated in the absence of evidence, because it is incumbent upon it to establish affirmatively, either that the award of the commissioners is full 'just compensation,' or else, that some other sum is, which it attempts to establish by testimony, and that upon payment or tender of it the road may be lawfully built and operated upon the land," etc. No case is cited to sustain the plaintiff's position.

In *Vifquain v. Finch*, 15 Neb., 505, the plaintiff claimed

the right to open and close upon the ground that he had admitted the publication and justified. Malice, however, was denied, and it was held that the plaintiff in the action was entitled to the opening and closing.

The same ruling was had in *Fry v. Bennett*, 3 Bosw., 200. In that case, it was held that the amount of damages is a matter in issue, and, when proof of facts not admitted in the answer is admissible on that question, the defendant is not entitled to the opening and closing.

In determining which party is to begin and close, if anything is left for the plaintiff to show affirmatively, the right to commence and close is with him. *Chesley v. Chesley*, 37 N. H., 229. *Lexington v. Paver*, 16 Ohio, 330. *Heilman v. Shanklin*, 60 Ind., 443. *Tull v. David*, 27 Id., 377. If the plaintiff has any proof to offer as to damages, or otherwise to entitle him to recover, he is entitled to open. *Huntington v. Conkey*, 33 Barb., 218. *Graham v. Gautier*, 21 Texas, 111. *Perkins v. Ermel*, 2 Kas., 325. And this was the rule at common law.

In *Lacon v. Higgins*, 3 Stark, 178, the defendant had pleaded coverture, without the general issue, in assumpsit for goods sold. In a previous action for a similar cause, on a plea of non-joinder of one Cohen, the plaintiff being allowed to begin, it was insisted that he should give all his testimony as to Cohen; but Abbott, Ch. J., said, "The plaintiff does not know who Cohen is, except from the plea. He cannot meet the case till he is acquainted with it." *Stansfield v. Levy*, Id., 8.

In note 223 to 1 Phillips on Ev. (4th Am. Ed.), 817, the rule is stated as follows: "The parties have been and still are generally governed by the *onus probandi*, as indicated by the record; the plaintiff beginning and having the right of reply in all cases where the defendant's pleadings or any part of them deny the whole or any part of the plaintiff's pleadings, so as to leave any single affirmative allegation on his side to be established by proof. Per

Williams, J., in *Comstock v. Hadlyme*, 8 Conn., 261, cases there cited.	Per Parker, Ch. J., in *Brooks v. Barrett*, 7 Pick., 99.	*Browne v. Murray*, 1 Ry. & Mood., N. P. Cas., 254.	On the other hand, where the form of the defendant's answer is such as to admit all the plaintiff's averments, or leave him nothing to prove, the defendant is to begin and close the case."

These rules are substantially those of the code.	To entitle the defendant to open and close, he must admit the plaintiff's claim, so that it will not be necessary to introduce evidence to sustain it.	He may then set up any defense, counter-claim, or set-off he may have.	In other words, he must confess the cause of action, but may plead matters in avoidance or for affirmative relief.	When a railroad corporation condemns land for right of way, the constitution and statute provide that just compensation to the land-owner shall be made.	Const., Art. I., § 21. Comp. Stat., Ch. 16, § 81.	The law authorizes the company to go upon the land, but provides that the damages sustained thereby by the land-owner shall be paid.	Comp. Stat., Ch. 16, § 95.	The railroad company admit having taken the land, but do not admit any specific amount of damages.	In the absence of proof the land-owner could take judgment for no sum whatever, and would fail in the action.	We have no doubt, therefore, that the land-owner is entitled to open and close, and this has been the general rule in the courts of this state.	The first assignment of error, therefore, is not well taken.

The 2d, 3d, 4th, 5th, 6th, and 7th assignments of error relating to the instructions cannot be considered, as the objections were not made in the motion for a new trial. *Cleveland Paper Co. v. Banks*, 15 Neb., 23.	*H. & G. I. R. R. v. Ingalls*, Id., 129.

The 8th assignment is, that the damages are excessive. At the request of the plaintiff in error the jury were permitted under proper restrictions to view the right of way

across the lands of the several defendants, and in what way they were damaged by the location of the road. Where this is permitted it is difficult to review the judgment as being against the weight of evidence, because all the evidence before the jury—the view of the premises—cannot from the nature of the case be incorporated in the record, and in these cases there is no such discrepancy between the evidence in the record and the verdict as to justify the court in setting them aside, which the court would not do unless it was clear that the jury had erred. The judgments, therefore, must be affirmed.

JUDGMENTS AFFIRMED.

THE other judges concur.