Klepfer *v.* The State.

Filed Jan. 15, 1890.

———◆———

No. 15,022.

## KLEPFER *v.* THE STATE.

INTOXICATING LIQUOR.— *Unlawful Sale.—Defence of Agency.— Evidence.— Cross-Examination.*—In a prosecution for the unlawful sale of intoxicating liquor, the defendant having introduced evidence tending to show that he made the sale for one T., who had a license, as his agent or bar-tender, the State had the right to meet the testimony either by a cross-examination of the defendant's witnesses or by calling witnesses after the defendant had rested his case.

SAME.—*Agency.—Evidence to Disprove.*—The State had the right, as throwing light upon the question whether the defendant was carrying on the

business as the agent of T. or for himself, to show by its witness, a station agent, that goods were shipped occasionally in the name of the defendant, some of which came subsequently to the date of the sale; and the fact that some of the articles were shipped after the alleged sale, did not render the testimony incompetent.

SAME.—*Prosecuting Attorney.—Reported Cases.—Right to Read from.*—The prosecuting attorney has the right in argument to the jury to read from law books, and from the Indiana Reports, and to state his own conclusions as to what was proven by the evidence in the light of the decided cases so read.

From the Marion Circuit Court.

*B. F. Davis, W. A. Martz* and *B. F. Watts,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

BERKSHIRE, J.—This was a prosecution under section 5320, R. S. 1881. The charge in the indictment is that, on the 12th day of February, 1889, in the county of Marion, and State of Indiana, the defendant did unlawfully sell to one Charles Cory intoxicating liquor in a quantity greater than a gill and less than a quart, for the price of ten cents, not being licensed so to do.

There was a jury trial, the defendant was found guilty, and a fine of $100 assessed, and over a motion for a new trial judgment was rendered in accordance with the verdict.

The only error assigned to which our attention has been called in the brief of the appellant relates to the ruling of the court overruling the motion for a new trial.

The motion contains several reasons; those from one to five, inclusive, refer to the court's rulings overruling certain objections to certain questions propounded by the prosecuting attorney to two of the witnesses; the sixth reason is that the court erred in refusing to strike out the testimony given by a witness called by the State.

The seventh reason refers to the instructions given by the court to the jury; the eighth to alleged misconduct of the prosecuting attorney in his closing argument to the jury.

The ninth reason is that the verdict is contrary to law; the

tenth and eleventh are substantially the same—that the verdict is not sustained by sufficient evidence.

We are inclined very strongly to the opinion that the several questions which counsel for the appellant desired to present for our consideration in the first six reasons stated, owing to the condition of the record, are not properly before us.

The reasons as stated do not contain the questions propounded to the witnesses, but a printed statement is referred to as accompanying the motion, wherein, the motion informs us, the questions to which objections were made will be found.

We find a statement of the character indicated in the bill of exceptions filed some days after, and we also find a note of the clerk following the motion for a new trial, referring to the bill of exceptions for the said printed statement. The statement which is found in the bill of exceptions may, or may not, be the one referred to in the motion. The memorandum made by the clerk can not be regarded, for the reason that the clerk is not authorized to make such memorandums with a view to the identification of papers which have to be transcribed into the transcript.

If there was such a printed statement filed with the motion as is therein referred to, it should have been set out in the transcript immediately following the motion as the accompanying paper. But, waiving all infirmities in the transcript, and conceding that the printed statement is sufficiently identified as a part of the motion for a new trial, it will avail the appellant nothing.

It was enough for the State to prove the sale as charged in the indictment; this *prima facie* entitled the State to a conviction; the burden was then shifted to the appellant, and to avoid a conviction on the ground that the sale was made under a license, the evidence tending to show a license, and a sale under it, must have been of sufficient weight to raise a reasonable doubt as to these two important facts.

The appellant having introduced evidence tending to show that one Teal had a license to sell intoxicating liquors, and

that he made the sale as Teal's agent or bartender, the State had the right to meet that testimony either by a cross-examination of the appellant's witnesses or by calling witnesses after the appellant had rested his case. We think the cross-examination was proper.

The witness Plummer, called by the State, testified that he was the railroad station agent at the station to which goods and packages were shipped to supply the saloon, where the sale charged is claimed to have been made, and that goods were shipped occasionally in the name of the appellant, some of which came at a date after the date at which the sale is charged to have been made.

The information of the witness as to the person in whose name the goods or packages were shipped he stated was only known to him from the contents of the way-bills.

The appellant moved to strike out all of the witness's testimony, and, as we understand the record, that part of it which he derived from way-bills was stricken out, but whether so or not, the motion covered the entire testimony of the witness, and a part of it was evidently proper.

That some of the articles to which the testimony of the witness related were shipped after the sale is alleged to have been made, did not render the testimony incompetent. It, with other testimony, was proper as throwing light upon the question whether the appellant was carrying on the business as the agent of Teal or for himself.

We do not think there was any misconduct on the part of the prosecuting attorney. This being a criminal prosecution, he had the right to read from law books, and especially from the reported cases of this court, and to state his own conclusions as to what was proven by the evidence in the light of the decided cases from which he read; and, as we understand the record, he did not step over this line.

The evidence supports the verdict. From the facts as proven the jury might well infer that the claim made by the

appellant that he made the sale under a license that had been issued to Teal was a mere pretence.

The only instruction complained of is the third. It is claimed that there was no evidence to which the instruction was pertinent. The same question is here involved that is raised by the reason assigning as cause for a new trial that the verdict is not sustained by sufficient evidence. We are of the opinion that the instruction was a proper one.

We find no error in the record.

Judgment affirmed, with costs.

