CHARLES W. HAMILTON V. GEORGE GOFF.

| 45 | 339 |
| 52 | 751 |

FILED JUNE 18, 1895.   No. 5851.

1. **Contracts: BREACH: WHEN CAUSE OF ACTION ACCRUES.** H. agreed to furnish to G. a designated herd of cattle on the 1st day of May, to be cared for and herded by the latter during the ensuing season at a stipulated rate per head.   On May 13, H. having refused to furnish said cattle or any of them, an action for damage was brought by G. on the said contract. *Held*, That the action was not premature.

2. **Record for Review.** *Held*, That the question of the measure of damage is not presented by the record.

ERROR from the district court of Pierce county.   Tried below before POWERS, J.

*John R. Hays* and *Benjamin Lindsay*, for plaintiff in error.

*Douglas Cones, contra.*

POST, J.

This action originated in the county court of Pierce county, from whence it was removed by appeal to the district court of said county, where a trial was had, resulting in a verdict and judgment for Goff, the plaintiff therein.

The essential allegations of the petition are as follows: On the 28th day of April, 1891, the defendant below, Hamilton, verbally agreed to furnish to the plaintiff a designated herd of cattle, estimated at 138 head, to be herded and cared for by the latter during the season of that year, or such part thereof as the defendant might elect, at the agreed rate of seventy-five cents per head for the season, or forty cents per head for all remaining in the herd not later than July 1; that, relying upon the said promise, the plaintiff was at great expense in preparing to properly herd and care for said cattle, but the defendant has wholly

failed to perform the obligation imposed upon him by said contract, and that he, on or about May 1, 1891, refused to deliver the cattle above mentioned or any others, to plaintiff's damage, etc. The answer is, first, a general denial; second, an allegation that if any contract was in fact made as alleged, no right of action had accrued thereon when this action was commenced.

An analysis of the evidence is unnecessary in this connection, since we observe no substantial conflict with respect to the agreement alleged, or the facts which in law constitute a breach thereof. The only inquiry is, therefore, whether the action is premature, as alleged by the plaintiff in error. The date of the commencement of the action in the county court is not disclosed by the record, the evidence upon that point being confined to the petition in the district court, which was filed July 9, 1891. But assuming the date named by counsel for plaintiff in error, May 13, to be correct, it does not follow that the action was prematurely brought. The defendant, by his agreement, was required to deliver the cattle on May 1, and a refusal on that day amounted to a breach of the contract, for which the plaintiff was entitled to recover damages. But the argument in this court is directed to the measure of damage rather than the cause of action, a question not presented by this record. True, one of the assignments of the petition in error is the giving of paragraphs 6 and 7 of the instructions on the motion of the court, but a reference to the motion for a new trial fails to disclose any objection therein to said instructions. It has long been the rule of this court that exceptions to the giving or refusing of instructions will not be noticed unless such rulings are specifially assigned in the motion for a new trial. (*Cleveland Paper Co. v. Banks*, 15 Neb., 20; *Hastings & G. I. R. Co. v. Ingalls*, 15 Neb., 129; *Omaha & R. V. R. Co. v. Walker*, 17 Neb., 432.) There being no error of record, the judgment must be

AFFIRMED.