STATE OF MISSOURI, Respondent, v. WILLS, Appellant.

**St. Louis Court of Appeals, April 12, 1904.**

1. **CONTINUANCE: Application For.** An application for a continuance, on the ground of an absent witness, is fatally defective, where it fails to state that the applicant was unable to prove the facts, which he could prove by the absent witness, by any other witness whose testimony could be as readily obtained.

2. ———: ———. Such an application is further defective when it fails to state that the applicant believed the facts to be true, which he alleged could be proved by the absent witness.

3. **INTOXICATING LIQUORS: Illegal Sale: Evidence.** In a prosecution of a merchant for selling liquors in less quantities than five gallons, where the defendant sold a liquid in bottled

State v. Wills.

branded "hop tea," which it was shown would intoxicate, evidence that liquor, put up in the same way, by the same brewery, in the same fall, and sold to another merchant, contained three per cent of alcohol, substantially the same as ordinary lager beer, was properly admitted.

4. ———: ———: ———. It was proper also to admit evidence tending to show the defendant fled from justice for the purpose of avoiding arrest.

5. ———: Indictment: Acquittal on One Count. Where the defendant was indicted in two counts, the first for having sold, as a merchant, intoxicating liquors in less quantities than five gallons, and the second for violation of the dramshop act, and was found guilty on the first count and not guilty on the second count, the verdict of not guilty on the second count did not operate as an acquittal on both counts, though both counts were for the same sale.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Edw. D. Hays* for appellant.

*Thomas D. Hines* for the State.

(1) Both affidavits for a continuance are fatally defective in that they do not state as the statute imperatively requires, that defendant was "unable to prove such facts by any other witness whose testimony can be as readily procured." R. S. 1899, sec. 2600; State v. Heinze, 45 Mo. App. 408; State v. Lett, 85 Mo. 54. (2) Both affidavits are further fatally defective in that they fail to state that defendant believed the facts to be true, which he alleged could be proven by the absent witness. State v. Howell, 117 Mo. 339.

BLAND, P. J.—Defendant, a licensed merchant, doing business at Daisy, Cape Girardeau county, was convicted of selling intoxicating liquors in less quantities than five gallons. To reverse the judgment of con-

viction, he relied upon the action of the court in overruling his two applications for a continuance and in admitting certain evidence over his objections. Both applications for a continuance were fatally defective in this: they failed to state that defendant was unable to prove the facts he expected to prove by the absent witness by any other witness whose testimony could be as readily obtained. R. S. 1899, sec. 2600; State v. Lett, 85 Mo. 52. They are further defective in that they fail to state that the defendant believed the facts to be true he alleged could be proved by the absent witness. State v. Howell, 117 Mo. l. c. 339.

The evidence for the State shows that the defendant sold a number of bottles containing a fluid branded "hop tea," in less quantities than five gallons, and it is shown by some of the persons who drank the stuff, that it would intoxicate. The State, to show that the article sold contained alcohol, proved that J. M. Randol was the agent for the sale of beer for the Klausman Brewery of St. Louis; that he (Randol) sold the product of this brewery in the fall of 1902 (the fall the defendant sold "hop tea" to the State's witnesses) to the defendant in bottles; that some of the bottles were labelled and others were not, and that during the same season he sold the product of the same brewery put up in the same manner to one Vossoggy, doing business at Tilsit, Cape Girardeau county. The prosecuting attorney procured some of the bottles sold by Randol to Vossoggy and had their contents analyzed by a competent chemist who testified that the fluid contained therein was three per cent alcohol, substantially the same per cent as ordinary lager beer. All of this evidence was objected to for the reason it did not prove or tend to prove the ingredients of "hop tea" alleged to have been sold by defendant. This evidence is perhaps not as convincing as would have been an analysis of the contents of the bottles taken from the same case as those sold by defendant containing "hop tea." But it

does show that the beer sold by defendant and that analyzed, came from the same brewery and was put up in the same manner and is evidence, therefore, tending to show that the article sold by defendant branded "hop tea" was in fact Klausman beer and contained alcohol.

The State, over the objection of defendant, also offered evidence tending to show that defendant, after the indictment was found, fled from justice for the purpose of avoiding arrest; such evidence has always been admissible in a criminal case as a circumstance tending to show guilt.

There were two counts in the indictment. The first charged defendant with having sold, as a merchant, intoxicating liquors in less quantities than five gallons. The second was for a violation of the dramshop act. He was found guilty on the first count but not guilty on the second. He contends that his acquittal on the second count operated as an acquittal on both counts. The indictment was framed in two counts to meet any phase of the evidence that might be shown at the trial. It was shown that defendant had a merchant's license. He was, therefore, properly convicted on the first count, and as both counts were for one sale, he was properly acquitted on the second count. He might have been convicted under either count but could not be twice punished for the same offense; but it does not follow that he can not be once punished because twice charged.

Judgment affirmed. *Reyburn* and *Goode, JJ.,* concur.