## AUGUST GEBHARDT V. STATE OF NEBRASKA.

### FILED DECEMBER 18, 1907.   No. 15,149.

1. **Criminal Law: REVIEW.** A judgment in a misdemeanor case rendered upon conflicting evidence will not be reversed simply because the appellate court receives a different impression of the evidence than did the jury and trial court, but such judgment will be upheld unless we can say it is clearly wrong.

2. ——: ——. The case was submitted to the jury on Friday. The next day it was announced that there was a chance for an agreement. The judge then told the jury that he would soon leave and would not be back until Monday evening, and authorized them to separate only in the event they reached a verdict when the judge was absent, and to return a sealed verdict Monday evening. Three hours later, and before the adjournment of the court, the jury returned its verdict. *Held,* That the verdict should not be set aside.

3. **Instructions** examined, and *held* without error.

ERROR to the district court for Greeley county: JAMES R. HANNA, JUDGE. · *Affirmed.*

*G. W. Scott* and *J. R. Swain,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

EPPERSON, C.

Defendant, Gebhardt, was convicted of an assault and battery, and seeks a reversal upon three grounds: (1) The evidence is insufficient to sustain the verdict; (2) the court erred in making certain remarks to the jurors upon their return to the court room after deliberating several hours; (3) the court erred in giving an instruction upon its own motion.    We shall consider the assigned errors in the order named.

1. John Adamie and his wife lived upon a farm in Greeley county.   In July, 1905, water had formed a pond in the road near their residence, and Mrs. Adamie took

a spade and cleaned out a ditch along the road, thereby causing the water to flow upon defendant's land. While thus engaged, defendant drove along in a buggy, and, according to Mrs. Adamie's testimony, began to curse her and apply vile epithets. She came through the water toward defendant to a point where she could see her husband and call to him. While doing so, she passed close to the buggy and defendant struck her two or three times with his whip. After he struck her she struck at him with the spade which she held in her hand. Defendant drove on. Mrs. Adamie's testimony was flatly contradicted by defendant, who swore that she assaulted him with the spade, and that he used the whip to protect himself. The ten-year-old daughter of the prosecuting witness was present, and was called as a witness to corroborate her mother. She testified that defendant struck her mother first, and that her mother struck defendant's buggy with the spade after she had been assaulted. The little girl, however, corroborated defendant when she said that her mother jumped across the water and was going to hit him, and he hit her right across the neck. There was a sharp conflict in the testimony; and, while Mrs. Adamie's version of the affair was contradicted by several witnesses, we cannot say that the verdict entirely lacks evidence to support it. If Mrs. Adamie told the truth, and the jury found that she did, there was sufficient evidence to justify a verdict of guilty of assault and battery. A judgment in a misdemeanor case rendered upon conflicting evidence will not be reversed simply because the appellate court receives a different impression of the testimony than did the jury or trial court. Such judgment will not be reversed unless we can say it is clearly wrong. *Everson v. State,* 4 Neb. (Unof.) 109.

2. The case was submitted to the jury some time Friday. The next day the jury were brought into court, and were told by the judge that he would soon leave and would not be back until 7:30 P. M. Monday, and authorized them to separate in the event they reached a verdict when the

court was absent, directing that in that event to return the verdict sealed Monday evening. Before receiving these directions, the jury told the court that there was a chance of an agreement. Three hours later, and before the adjournment of the court, the jury returned their verdict. Under the court's instructions it is contended that the jury would have been required to remain together until Monday evening in charge of the bailiff had they not agreed. For this reason, defendant argues that the jury were coerced. No objection was made to the order of the court, and no exception taken to his ruling. However, we have examined the question for the reason that the coercing of a jury would, be a flagrant injustice. The record shows that prior to the order of the court the jury announced that there was a chance for an agreement. Thereafter they continued their deliberations for three hours. With rare exceptions, Nebraska jurors heed their obligation, and do not permit the dread of difficult tasks to swerve them from the line of duty. On the face of this record it does not appear that the instruction complained of was objectionable or influenced the decision of the jury. A very similar case is *Erwin v. Hamilton*, 50 How. Pr. (N. Y.) 32, wherein the verdict was permitted to stand.

3. The court told the jury: "It is your duty as jurors to give this case a fair, intelligent and dispassionate consideration, and, if you find the defendant guilty, convict him; but, if under the evidence and the law as contained in these instructions you have a reasonable doubt of the defendant's guilt, you should not hesitate to find him not guilty." Defendant contends that the portion, "if you find the defendant guilty, convict him," allowed the jury to "enter the field of conjecture, or wander outside of the evidence." While we may not approve the form of the instruction, we cannot say that defendant was prejudiced thereby. Instructions should be read together, and, when the instruction complained of is read in connection with others given, we find that the jury were properly confined to the evidence.

An affirmance of the judgment is recommended.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.