### CHARLES R. POSTON v. STATE OF NEBRASKA.

FILED JANUARY 23, 1909.   No. 15,927.

1. **Criminal Law: ASSIGNMENT OF ERRORS: MOTION FOR NEW TRIAL.** In a case brought to this court by a petition in error, exceptions to the giving or refusing of instructions will not be considered unless such rulings are specifically assigned in the motion for a new trial.

2. **Witnesses: CROSS-EXAMINATION.** The rule that the right to cross-examine a witness is confined to matters brought out in his direct examination, obtains in a criminal prosecution the same as in a civil action, and a defendant in such prosecution will not be permitted to prove matters of defense upon the cross-examination of a witness for the state, where such matters are not brought out or suggested by the direct examination.

3. **Intoxicating Liquors: KEEPING FOR UNLAWFUL SALE: EVIDENCE.** In a prosecution for a violation of the provisions of section 7170, Ann. St. 1907, making it a crime for a person to keep and have in his possession intoxicating liquor for the purpose of unlawful sale, the state chemist, who analyzed the liquor found in the defendant's possession, is a competent witness to testify as to the per cent. of alcohol contained therein, and, where such liquor is designated in the information as an intoxicating liquor called "beer," it is competent for such witness to give the amount or per cent. of alcohol contained therein, and the amount or per cent. of alcohol contained in the different kinds of beer commonly sold and used in this state.

4. **Witnesses: CROSS-EXAMINATION: INCRIMINATION.** Where a defendant in a criminal case testifies in his own behalf, he is subject to the same rules of cross-examination as any other witness, and may be required to testify on his cross-examination as to any matters brought out or suggested by him on his direct examination, and ordinarily he cannot avail himself of the objection that the evidence may incriminate him.

5. **Intoxicating Liquors: UNLAWFUL SALES: EVIDENCE.** Where it is shown in a criminal prosecution that certain liquor has been sold by the defendant from time to time as a beverage, it is competent for the state to prove that during such time certain persons had been seen in an intoxicated condition in the defendant's place of business as tending to show that the liquor so sold was intoxicating in its effect.

6. **Indictment and Information: SEPARATE COUNTS: ELECTION.** In a criminal prosecution, where two or more counts are properly joined in an information, and there is evidence tending to prove the facts alleged in each of them, the state will not be required to elect upon which of the several counts it will rely for a conviction.

ERROR to the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Everson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, J.

The plaintiff in error, hereafter called the defendant, was prosecuted for a violation of the provisions of section 7170, Ann. St. 1907, making it unlawful for any person to keep for the purpose of sale, without a license, any malt, spirituous or vinous liquor in this state. The first count of the complaint charged defendant with keeping and having in his possession certain intoxicating liquor called "barley mead," for the purpose of unlawful sale. The second count charged him with having in his possession, for the same purpose, certain intoxicating liquor called "beer." The third count charged him with having in his possession certain intoxicating liquor called "whiskey," for the purpose of sale without a license. There was a search and seizure of three barrels of liquor called "barley mead," which was found in the defendant's possession. He was held to answer to the district court, where an information was filed against him by the county attorney charging the same offenses set forth in the complaint before the magistrate. His trial resulted in a conviction upon the first count of the information, and a verdict of not guilty as to the second count; the prosecution in the meantime having dismissed as to the third

19

count. Defendant was thereupon adjudged to pay a fine of $100 and the costs of prosecution, and.from that judgment he has brought the case here by petition in error.

His first seven assignments of error relate to the giving and refusal to give certain instructions to the jury, and these assignments will be considered together.

We find from an examination of the record that in the defendant's motion for a new trial no complaint was made of the giving or refusal to give instructions. It is therefore contended by the attorney general that this court has no right to consider any of these assignments. It seems clear that this contention must be sustained. In *Cleveland Paper Co. v. Banks,* 15 Neb. 20, it was held that "under the general assignment, in the motion for a new trial, of 'errors of law occurring at the trial,' only such errors as appear in the bill of exceptions can be considered. If objection is made to any of the instructions, it must be specifically assigned." This rule, so far as we are able to ascertain, has been approved and followed in all cases where this question has arisen since the decision above mentioned. In *Hamilton v. Goff,* 45 Neb. 339, it was said: "It has long been the rule of this court that exceptions to the giving or refusing of instructions will not be noticed unless such rulings are specifically assigned in the motion for a new trial"—citing *Cleveland Paper Co. v. Banks, supra,* and *Omaha & R. V. R. Co. v. Walker,* 17 Neb. 432. The rule announced in these cases is decisive of this question as presented by the record in the case at bar.

The eighth assignment of error is as follows: "The court erred in refusing the defendant the right to cross-examine the witness for the state, T. W. Carroll, and in sustaining the objections to such cross-examination." The record discloses that the examination in chief of this witness was limited to the seizure of the liquor in question on March 16, 1908. The rule that the cross-examination of a witness should be limited to matters brought out upon his examination in chief is too well settled to require the cita-

tion of authorities to support it. It is contended, however, that it was the purpose of the defendant by the cross-examination in question to bring out the fact that the liquor seized was not in his place of business on the 14th day of March, two days before its seizure; that it arrived after the 14th inst., and was stored away by him pending his investigation of his right to sell it. The record shows that he was permitted to ask the witness whether he made a search under the warrant on March 14, and the answer was, "No." The witness was thereupon excused by the defendant with leave to recall him for further cross-examination, but he was not recalled during the trial. It also appears that the witness on direct examination testified that he searched the defendant's place of business on the 16th day of March, 1908, and was not interrogated upon his direct examination as to any other search or seizure than the one which occurred upon that day. So, technically speaking, the objection to the testimony attempted to be brought out by the defendant on the cross-examination of this witness was well founded. It further appears that the defendant was permitted to show the fact that the sheriff came to his place of business on the 14th day of March, and found no liquor in his possession; that on the 16th he accosted the defendant while at the depot, and told him that he desired to search his premises. This is the only search and seizure mentioned in the record. The defendant was permitted to show all of the facts and circumstances surrounding that transaction, and to introduce on his own behalf, testimony of the fact sought to be elicited from the sheriff by the cross-examination in question. It is apparent, therefore, that he was not deprived of any substantial right by the refusal of the court to permit him to cross-examine the witness on that point.

It is also contended that the court erred in receiving the testimony of the state chemist, Redfern, who analyzed the barley mead which was found in the defendant's possession. It appears that the witness upon his redirect

examination was permitted to testify as to the per cent. of alcohol contained in the different kinds of beer commonly sold and used in this state, naming them, as well as the per cent. of alcohol contained in the liquor in question. The defendant admitted having this liquor in his possession, and testified that he had from time to time for at least a year previous to his arrest sold the same as a beverage. It was therefore competent for the state to prove that the liquor was intoxicating in character, and it was proper for the chemist to testify as to the amount or per cent. of alcohol contained therein. Again, the defendant was charged in the second count of the information with having in his possession certain intoxicating liquor called "beer" for the purpose of selling the same without a license; and this evidence tended to show that the liquor seized belonged to the class of intoxicating liquors called "beer."

Defendant further alleges error in the refusal of the court to sustain his objections to his cross-examination while testifying in his own behalf. The record discloses that after the defendant had admitted having the liquor in question in his possession, and after having stated that he was not intending to sell it, but just keep it in order to ascertain whether he had the right to sell it or not, he was asked on cross-examination by the prosecuting attorney if it was not a fact that he had this kind of liquor in his possession before the time set forth in the information. Over the objections of his counsel that the question was not proper cross-examination, he was required to answer. His reply was: "Yes, sir." He was then asked if he had been selling this same kind of liquor called barley mead, and over his objections he was required to testify, and stated that he had been selling it, and that he had been keeping it in his place of business for sale. It is now contended that this was not proper cross-examination, and that it required the defendant to give testimony incriminating himself. We think the examination was entirely proper. One of the questions for the consideration of the

jury, according to defendant's own theory of the case, was whether or not his possession of the liquor was for the purpose of unlawful sale. He had voluntarily taken the witness stand in his own behalf, and had testified to his intention and purpose in regard to that matter. It was therefore proper for the state to prove by him on cross-examination that he had theretofore been selling it as a beverage as tending to show the real purpose of such possession. Again, having voluntarily become a witness in his own behalf, he was subject to the ordinary rules of cross-examination, the same as any other witness.

Complaint is also made of the fact that the state was allowed to introduce evidence tending to show that from time to time during the previous year certain persons had been seen in an intoxicated condition in the defendant's place of business. While this testimony was rather immaterial, it was apparently offered for the purpose of showing that the liquor in question which had been sold by the defendant was intoxicating in its effect. Taking this evidence in connection with the fact that the defendant had been openly selling this liquor under a claim that it was a nonintoxicant, this evidence was not only proper, but it was in no way prejudicial to the defendant's substantial rights.

Finally, it is contended that the court erred in not requiring the state to elect upon which of the two counts of the information it would rely for a conviction. In answer to this complaint it is sufficient to say that the counts were properly joined, and there was evidence before the jury tending to sustain the charge contained in each of them. It also appears that the case was submitted to the jury upon proper instructions, and the defendant was found guilty upon the first count of the information, and not guilty as to the second count. So it is apparent that he suffered no prejudice by the failure of the court to sustain his motion. In such a case the state will not be required to make an election.

A careful examination of the record satisfies us that

the defendant had a fair and impartial trial, that he was not restricted in any manner in the presentation of his defense, and the judgment of the district court is therefore

                                                        AFFIRMED.

ROSE, J., not sitting.