THE STATE v. E. M. LASH, Appellant.

Division Two, February 12, 1910.

COERCING VERDICT: Keeping Jury Over Night.    When the jury, in response to their request, were brought into court about nine at night, they were told by the judge to retire to their room and deliberate upon their verdict and if they could not agree they would be left in charge of the sheriff until morning. And as he took them back to their room the sheriff said to them if they did "not agree to-night they would be kept till morning." *Held*, there was no attempt in this to coerce a verdict, no threat, and no reversible error.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*E. F. Cameron* for appellant.

The sheriff cannot communicate with the jury after the case is finally submitted to them, except to ask them if they have arrived at a verdict, except upon order of the court. R. S. 1899, sec. 2629. The very purpose of a jury trial is to get the free deliberate judgment of the jury uninfluenced by anything except the evidence from the sworn witnesses and the proper written instructions from the court. The judge or sheriff cannot influence the verdict by anything they say or do after the case is finally submitted to the jury. State v. Eathrly, 185 Mo. 178; State v. Hill, 91 Mo. 423; State v. Nelson, 181 Mo. 340; McPeak v. Railroad, 128 Mo. 67; Edens v. Railroad, 72 Mo. 212; Coleman v. State, 72 N. E. 568; State v. Spaugh, 200 Mo. 613. Error is presumptively prejudicial and it devolves upon the party asserting its harmlessness to show it. State v. Taylor, 118 Mo. 161.

State v. Lash.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) A new trial will not be granted if the communications or statements to the jurors do not appear to have influenced the verdict. Conversations on matters not relating to the trial have been held not to be ground for disturbing the verdict. 17 Am. and Eng. Ency. Law (2 Ed.), 1204; State v. Taylor, 134 Mo. 160; Clay v. Montgomery, 102 Ala. 291; People v. Hastung, 17 How. Prac. (N. Y.) 86; State v. Pepo, 23 Mont. 478; Pope v. State, 36 Miss. 134; State v. Wart, 51 Iowa 587; State v. Robertson, 50 La. 458; 2 Thompson on Trials, pp. 1918, 2556; State v. Cowan, 74 Iowa 56. (2) A most rigid examination failed to disclose any discussion of the case by the deputy sheriff in charge of the jury. He said he might have told them that if they did not find a verdict they would be kept together until Sunday morning, which was the following morning. This, while it was improper for the deputy to make any remarks to the jury, did not refer to the case as to how it should be decided, nor intimate in any way or manner as to what the verdict should be, nor could it have had any influence upon the mind of any juror one way or the other, as to the way he should decide the case, nor did the remark tend in any way to coerce the jury, one way or the other, in arriving at their verdict. State v. Shipley, 171 Mo. 550; State v. Rush, 95 Mo. 204. While it is improper for jurors to hold conversations with any one except the court, in open court, in regard to a case submitted to them, this court will not reverse a judgment when all facts with respect to the alleged impropriety are before the court, and it is manifest that it could not possibly have prejudiced the defendant. State v. Stark, 72 Mo. 40; State v. Degonia, 69 Mo. 490.

GANTT, P. J.—This is an appeal from a conviction in the circuit court of Jasper county of an assault with intent to kill C. C. Keyes on November 11, 1908. The defendant was duly arraigned and entered a plea of not guilty and upon trial was convicted and his punishment assessed at five years' imprisonment in the penitentiary. Within due time he filed his motions for new trial and in arrest of judgment, which were overruled by the court, and he brings his cause here for review.

No error is assigned on the record proper. The information is sufficient and no objections or exceptions are urged against any of the instructions given by the court. The verdict and sentence are in due and regular form. None of the evidence on the merits of the case has been preserved and there is therefore no exception to the admission or rejection of any testimony.

The parties filed a stipulation whereby they agreed that the bill of exceptions in this case should contain only the evidence heard on the motions for a new trial. The sole question presented by this appeal is the alleged misconduct of the judge and deputy sheriff after the case had been submitted to the jury for final determination. It appears from that evidence that the cause was submitted to the jury about 7:30 o'clock in the evening on Saturday. The trial was at Carthage and had been heard before Judge Blair, the judge of Division number Two of that court. It seems that after the jury had retired, Judge Blair left for his home in Joplin about nine o'clock, and after Judge Blair had gone home the deputy sheriff who had charge of the jury reported to Judge Bright, the other judge of that court, that the jury desired to be brought in. The deputy sheriff testified: "My recollection is they reported to me and I reported to the court and then they came in and they were asked by the court if they had agreed upon their ver-

dict and they answered that they could not agree, thereupon the judge sent them back to their room for further deliberation, saying at the time that Judge Blair's instructions were to keep them over night"—the deputy saying that there might have been a certain hour to keep them, but he would not be positive about that. It also appears that the deputy sheriff said to the jury when he took them back to their room: "If you do not agree to-night you will be kept until to-morrow morning." In a short time after they had returned to their room, the jury agreed upon a verdict and reported the same and were discharged.

The defendant now insists that the sheriff had no right to tell the jury anything except to ask them if they had arrived at a verdict and the court had no right to tell them they would be kept together until Sunday morning if they did not arrive at a verdict before that time, and that the statements of the sheriff and the court to the jury constitute reversible error.

I.  This appeal is without merit. It is significant that defendant was unwilling to submit to this court the testimony upon which he was convicted. He confesses there was no error in the instructions of which he could complain and no irregularity in his trial other than the two points already stated. The claim is that the court and sheriff coerced the jury into a verdict after they reported they could not agree. There is no substantial basis for either of these complaints. There is a well known indisposition on the part of jurors to find a verdict of guilty and nothing is more common than for the court to refuse to relieve them of their just responsibility by discharging them upon their request. Experience has shown that juries often try conclusions with the judge in their endeavor to avoid rendering a verdict of guilty where the offense is serious. In this case the judge simply directed them to retire to their room and deliberate on their verdict

and if they could not agree they would be left in charge of the sheriff until morning. This was nine o'clock at night. There is nothing in the nature of a threat in this action of the court. Such directions are given every day in the courts of the State and no one regards them as any thing more than a desire on the part of the court that the jury shall deliberate further to avoid a mistrial.

Equally without merit is the charge against the deputy. There is not the slightest pretence that the deputy or the jurors referred in the most remote degree to the merits of the case they were considering. In State v. Spaugh, 200 Mo. l. c. 612, it was said: "Wherever it has been shown that jurors have been exposed to improper influences, the courts have required that it should be shown affirmatively that no prejudice in fact resulted, but it has not been ruled that every irregularity and violation of the statute shall of itself work a new trial." The facts presented here are far more trivial and insignificant than those pointed out in that case. The statute safeguarding jurors from all improper influences is wise and salutary and has been enforced and will be, but in construing it the courts must be reasonable, and to reverse this judgment upon this showing would be to bring the administration of the law into disrepute. The judgment is affirmed. *Burgess* and *Fox, JJ.,* concur.