[No. 9605. Department Two. March 25, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. A. D. BAKER, *Appellant*.[1]

CRIMINAL LAW—TRIAL—MISCONDUCT OF JURY. In a prosecution for violation of the local option law, it is not misconduct on the part of the jury that, on an issue as to the intoxicating character of the liquors, the jurors smelled and tasted the contents of samples of the liquor, received in evidence as exhibits, and taken into the jury room without objection.

INTOXICATING LIQUORS — SALES — LOCAL OPTION — CHARACTER OF LIQUORS—EVIDENCE—ADMISSIBILITY. In a prosecution for selling liquor in a dry unit in violation of the local option law, samples of liquor taken from defendant's place of business a few days after

[1]Reported in 122 Pac. 335.

the unlawful sale, are admissible in evidence as tending to show the character of his business, the samples being in the same condition as when taken.

APPEAL—REVIEW—HARMLESS ERROR. In a prosecution for violating the local option law, it is harmless to receive in evidence the certificate of a Federal internal revenue collector that a special tax stamp had been issued to defendant as a retail liquor dealer, where defendant testified that he had purchased such a tax stamp.

INTOXICATING LIQUORS—LOCAL OPTION—SALES—EVIDENCE—ADMISSIBILITY. In a prosecution for unlawful sales of intoxicating liquors shipped into dry territory, expense bills and freight receipts issued by a railway agent tending to show shipments of casks of bottled beer from a brewery to defendant, are admissible in evidence, although only carbon copies, where the originals had been delivered to the defendant and could not be produced, and the casks had been delivered to him by a drayman.

EVIDENCE—OPINION—EXPERTS—INTOXICATING LIQUORS. An expert chemist may testify as to his analysis of beer, and state his opinion as to whether it was intoxicating.

CRIMINAL LAW—TRIAL—MISCONDUCT OF JUDGE. It is not prejudicial misconduct on the part of the court to call a deliberating jury at about 9 o'clock Saturday evening and to intimate that he might be required to keep them over Sunday if they could not agree by midnight, where the jury returned a verdict more than two hours before midnight.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered January 31, 1911, upon a trial and conviction of selling liquor within a dry unit in violation of the local option law. Affirmed.

*Jesseph & Grinstead,* for appellant.

*Howard W. Stull,* for respondent.

CROW, J.—A. D. Baker was convicted of selling intoxicating liquor in a dry unit in Stevens county, in violation of the local option law, chap. 81, Laws of 1909, and has appealed.

During the trial, two bottles, exhibits 12 and 13, taken from appellant's place of business located within the dry unit, and which the state alleged contained intoxicating liquors, were admitted in evidence. A portion of the contents of each had been analyzed by an expert chemist. After

making his analysis, he sealed the remaining contents in the original bottles. One bottle had been filled by the sheriff from a keg containing wine found in appellant's place of business. The other, claimed to contain beer, was filled, sealed, and unopened when found by the sheriff at the same time and place. The evidence was sufficient to show that appellant, by his authorized agent, had made a sale of beer from a similar bottle to the prosecuting witness. The jury, without objection, were permitted to take these sealed exhibits to the jury room. It was afterwards shown that they opened them and smelled and tasted their contents. Appellant contends that in so doing they were guilty of misconduct, and that their verdict was returned upon private knowledge thus obtained and not upon competent evidence admitted during the trial.

The trial judge, in the exercise of his discretion, might have permitted the jury to smell and taste the contents of the bottles during the trial, without requiring them to do so. This was not done, but the bottles were sent to the jury room without objection on the part of appellant, and the jurors naturally supposed it would be proper for them to make any reasonable examination of their contents. The issue was whether the liquor, especially that in the bottle alleged to contain beer, was intoxicating. If the jurors might have been permitted to smell and taste the liquor during the trial, we fail to understand how the occurrence here complained of amounted to misconduct. That on a trial of this character jurors might be permitted to smell and taste the liquor see *Schulenberg v. State*, 79 Neb. 65, 112 N. W. 304; *People v. Kinney*, 124 Mich. 486, 83 N. W. 147; *Reed v. Territory*, 1 Okl. Cr. 481, 98 Pac. 583, 129 Am. St. 861; *State v. McCafferty*, 63 Me. 223. There is a conflict of authority on this question, but the cases cited meet with our approval.

Appellant further contends the trial judge erred in admitting these exhibits 12 and 13 in evidence. It was shown that the contents were in the same condition as when taken,

save that a small portion had been removed for analysis. These liquors, claimed to be intoxicating and found in appellant's place of business, were admissible as tending to show the character of his business, notwithstanding the fact that they were seized a few days after the date of the alleged unlawful sale. *Starbeck v. State*, 53 Tex. Cr. 192, 109 S. W. 162; *Klepfer v. State*, 121 Ind. 491, 23 N. E. 287.

It is contended the trial judge erred in admitting a letter from the United States internal revenue collector, in which, under seal, he certified that a special tax stamp had been issued to appellant as a retail dealer in malt liquor. This instrument was offered under § 20 of the local option law. Appellant contends it was not a certified copy and was therefore incompetent. Without passing upon the sufficiency of the certificate, we hold its admission, if error, could not have been prejudicial, as appellant himself testified that he had purchased and paid for such a special tax stamp, or license, and that it had been issued to him.

A number of expense bills and freight receipts, issued by an agent of the Idaho & Washington Northern Railway Company, tending to show shipments of casks of bottled beer from the Inland Brewing & Malting Company of Spokane to the appellant, were admitted in evidence. Appellant contends that they were incompetent; that they were not originals, and that they did not tend to show any sale of intoxicating liquor as charged. Other evidence discloses the fact that, by using carbon sheets, these receipts and bills were made at the same time as the originals which had been delivered to appellant, and could not be produced by the state; and that the casks had been delivered at his place of business by a drayman who did his hauling and whom he paid. Upon the charge of selling intoxicating liquors these facts, and the exhibits were competent evidence as tending to show the character of appellant's place of business and the business which he was transacting. If he was receiving barrels of bottled liquors, shipped into dry territory by a Spokane brewing com-

pany, under the name of beer, and causing the same to be delivered at his place of business, the natural inference would be that he was doing so for some unlawful purpose, in violation of the local option law.

It is complained that the expert chemist who made the analysis above mentioned was permitted to testify to the result of his tests, and to express his opinion as to whether the liquor in the bottle claimed by the state to have contained beer was intoxicating. This evidence was competent. *Mayne v. State*, 48 Tex. Cr. 93, 86 S. W. 329; *Poston v. State*, 83 Neb. 240, 119 N. W. 520; *State v. Wills*, 106 Mo. App. 196, 80 S. W. 311.

The jury retired to deliberate upon their verdict at four o'clock on Saturday afternoon. The record shows the following:

"Thereafter, to wit, at 9:05 p. m., the jury was again called into court by direction of the judge thereof, and the following proceedings were had and done: The Court: Mr. Foreman, have the jury arrived on a verdict as yet? The Foreman: We have not. The Court: Is there a probability they might arrive on a verdict before twelve o'clock? The Foreman: There is a possibility, but I can't say as to the probability. The Court: I want to say this to you, that I have the authority to receive a verdict from the jury in this case, of guilty or not guilty Sunday, but I have no authority to receive a disagreement, and I am not going to keep you after twelve o'clock tonight, but I wish that you would do your best to arrive at a verdict if you can. I have no right to press you or push you, nor to in any way interfere with your consideration of the case, but if at that hour you make up your mind that you cannot agree in the case that will be the fact, I will hear you. If there is a possibility at that hour you might agree upon a verdict, I would keep you longer; that is, if the possibility is a strong possibility. I call you to give this notice to you in the event that it might aid you in your work. You may now retire to your jury room. Mr. Jesseph (counsel for appellant): I want to take an exception to the instructions your honor has given the jury at this time, on the ground and for the reason that they are prejudicial to the defendant."

Appellant insists that this was misconduct and error; that it was the duty of the court to permit the deliberations of the jury to proceed without interruption; that by the language used it was intimated they might be compelled to remain together over Sunday, and that by his statement he coerced the jury and unduly hastened their deliberations. The trial judge misstated the law as to his right to discharge the jury on Sunday, if convinced of their inability to agree. *State v. Lewis,* 31 Wash. 515, 72 Pac. 121. Were the law as stated by him, we would find no merit in this contention. The jury returned a verdict at nine forty-five p. m., more than two hours before midnight. There was no undue interference with their deliberations. *State v. Lash,* 225 Mo. 556, 125 S. W. 464; *Jones v. State,* 117 Ga. 710, 44 S. E. 877; *Gebhardt v. State,* 80 Neb. 363, 114 N. W. 290; *Terry v. State,* 50 Tex. Cr. 438, 97 S. W. 1043; *Sandefur v. Commonwealth,* 143 Ky. 655, 137 S. W. 504.

Other objections are made to evidence admitted, and it is also contended that the prosecuting attorney was guilty of misconduct in his argument to the jury. Without discussing these assignments, we state our conclusion that they are devoid of merit.

The appellant has been awarded a fair trial, the evidence was sufficient to sustain the verdict, and the record shows no prejudicial error. The judgment is affirmed.

DUNBAR, C. J., MORRIS, CHADWICK, and ELLIS, JJ., concur.